AUGUSTE LANDRY *v.* HONORÉ FÉLIX GAMET.

It is not necessary that the purchaser should be actually dispossessed, to constitute an eviction. It may take place where he continues to hold the property, if under a different title from that transferred to him by his vendor, as where he inherits it, or acquires it by purchase from the true owner.

Where a tract of land purchased by defendant from the plaintiff, was seized and sold for a debt due by the latter, as curator of a minor, and defendant became the purchaser, *held:* that defendant continued to hold under the title of his original vendor, the sheriff's deed purporting to transfer to him nothing more than the title of the latter, and that such purchase cannot be viewed as an actual eviction, authorizing the vendee to refuse the payment of the price, or to recover it back when paid; and that it can give him no other or greater rights than he would have had, if, to avoid being dispossessed, he had paid the debt of his vendor; in which case he would have had an action of warranty for the reimbursement of the amount paid.

Though it may well be doubted whether, in a regular hypothecary action, the party in possession is bound to give notice of the seizure to his vendor, as demand must be made of the principal debtor thirty days before resorting to the mortgaged property in the hands of a third possessor, which may be considered as sufficient notice, yet where the property is seized in the hands of the latter, under the decree of a court having no jurisdiction to order said seizure, *ratione materiæ,* it will be his duty to resist such illegal process, or to notify his vendor.

An answer, changing the issue, offered to be filed after the case has been fixed for trial, will not be received.

APPEAL from the District Court of Iberville, *Deblieux,* J.

MORPHY, J. This suit is brought to recover the price of property sold to the defendant, by two different sales, executed to him in the years 1829 and 1830. Although the pleadings set up various means of defence, the only one relied on in argument, and which it is necessary to mention, is, that defendant has been evicted in consequence of a legal mortgage existing on the property sold, in favor of one Alexis Brasset, of whom the plaintiff had been curator *ad bona,* long before these sales. There was judgment below for $6250 against the defendant, from which he appealed.

This case came before the court in March, 1836, and was then remanded with instructions to the judge *a quo,* not to reject the record of the suit in the court of probates of *Alexis Brasset v. Auguste Landry,* which had been offered in evidence by the defendant, and been rejected. From the proceedings had in that suit it appears, that in 1827 the plaintiff had given a special mortgage

on the tract of land afterwards sold to the defendant, for surety of his administration as curator *ad bona* of Alexis Brasset. That on the 4th of January, 1832, the latter obtained against the plaintiff a judgment for $1500 in the Court of Probates, ordering the property thus mortgaged to be seized and sold, as if it were still in the possession of Auguste Landry. To this proceeding Gamet made no objection, nor did he give notice to his vendor of the seizure. The property was bought in by himself, at twelve months' credit, for the sum of $1650, being about one-fifth of its real value. It is contended, on the part of the appellant, that this sale amounts in law to an eviction of all the titles transferred to him by Landry, and that he no longer holds under those titles, but under the sheriff's sale to him, pursuant to the decree of the Court of Probates. It is true that by the authorities to which we have been referred, the doctrine is well established, that in order to constitute an eviction, it is not absolutely necessary that the purchaser should be actually disposesssed. That eviction takes place, although the purchaser continues to hold the property, if it be under a title which is not that transferred to him by his vendor; as if he should inherit the property, or should acquire it by purchase from the true owner. Pothier, Vente, No. 96. Troplong, Vente, No. 415. Toullier, Vol. 16 ; Continuation by Duvergier, Vol. 1, Nos. 309, 313. It appears to us that these authorities do not contemplate a case like the present. By buying in the property, when seized at the suit of . Alexis Brasset, Gamet continued to hold, and yet holds under the title of Landry, for the sheriff's deed purports to transfer to him nothing more than the right, title, and pretensions of his own vendor. This purchase cannot, in our opinion, be viewed as an actual eviction, authorizing Gamet to resist the payment of the price, or to recover it back, had it been paid. It cannot give him any other or greater rights than he would have had, if to avoid being dispossessed, he had p*aid the* debt of his vendor; in which case he would have had a claim or action of warranty for the reimbursement of . the amount, thus paid to prevent eviction. Civ. Code, 3373. Pothier, Vente, No. 83. *Johnston* v. *Bell et al.*, 6 Martin, N. S., 386. But even if by reason of this seizure, and sale to himself, defendant could be considered as evicted, such an eviction, under the circumstances of this case, could not enable him to resist the pay-

ment of the price. From the testimony before us, and the acts and declarations of the defendant, we have received the impression, that he had beforehand made an arrangement, and come to an understanding with the seizing creditor, Alexis Brasset, to cause himself to be evicted, so as to evade the payment of the price. It is not pretended that the defendant gave any notice of the seizure to his vendor. In a regular hypothecary action it may well be doubted, whether any such notice is at all necessary under our laws, because the demand required to be made of the principal debtor, thirty days before resorting to the mortgaged property in the hands of the third possessor, may be considered as a sufficient notice to the former. If, after this demand, he does not come forward and discharge the mortgage, which threatens his vendee with eviction, it must be, because he is unable or unwilling to do it. But be this as it may, it is clear, that when this property was seized in Gamet's hands, under a decree of the Court of Probates, which had no jurisdiction, *ratione materiæ*, to order such seizure, it was his duty to resist this illegal proceeding, or at least to notify the plaintiff, who might have paid the debt or enjoined the proceeding. Instead of doing this, the defendant suffered the property to be exposed for sale, bought it himself for a small sum, and settled for the amount by means of arrangements previously made with the seizing creditor. It is clear that such proceedings cannot justify him in resisting the payment of the price ; but as he discharged a debt due by the plaintiff, his right to recover it must be reserved. We cannot allow it in compensation or reconvention in this suit, under the pleadings exhibited by the record. An amended answer, it is true, was offered by the defendant, setting up this claim and other means of defence, after the case had been set for trial. The judge, in our opinion, correctly refused to admit it, as it was not offered in proper time, and as it changed the issues upon which the parties were about proceeding to trial.

It is therefore ordered, that the judgment of the District Court be affirmed with costs ; reserving the defendant's right to sue for any sum paid by him on account of the plaintiff, in consequence of mortgages existing on the property sold to him.

Argued, *ex parte*, by *Labauve*, for the appellant.