The opinion of the Court was delivered by
Manning, J.
Tlie City of New Orleans, claiming ownership of the Blanc, tract of land, had it divided into lots and sold them to various parties. These 'purchasers sold to others, and finally through several mesne conveyances Mrs. St. Romes acquired a number of the lots. Her title was successfully assailed by Mrs. Gaines, who obtained a decree in tlie U. S. Circuit Court, in a suit against Mrs. St. Romes, evicting her from the premises, which decree is certified to be final and executory. There lias not been any physical dispossession or ouster, nor could there well be, as the land is vacant.
The judge below noil-suited the plaintiff for want of evidence of forced or voluntary dispossession, and also for want “ of evidence that she holds the property under a title which is not that transferred to her by her vendor.”
The doctrine is well established that an actual ouster is not. absolutely necessary in order to constitute an eviction. Landry vs. Garnet, 1 Rob. 363; Thomas vs. Clement, XI Rob. 398. The loss of tlie land will be considered certain if a perfect outstanding title to a. third person is shewn to exist. McDonald vs. Vaughan, 14 Ann. 716.
The best evidence of dispossession that could be given by the plaintiff is the record of tlie suit against her transferror, in which there has been rendered a judgment in favor of a third person evicting her. Tlie present suit is a compulsory abandonment of the land made in obedience to a judicial decree. The plaintiff is the transferree of Mrs. St. Romes.
The judgment of non-suit, is error, and therefore,
It is ordered and decreed that the judgment of tlie lower court is reversed, and the cause is remanded thereto to be proceeded with in due course, the appellee paying costs of appeal.